Kimmel & Silverman, P.C.
1930 East Marlton Pike, Suite Q29
Cherry Hill, NJ 08003
Telephone: (856) 429-8334
Attorney of Record: Amy Lynn Bennecoff Ginsburg (AB0891)
Attorney for Plaintiff

**UNITED STATES DISTRICT COURT**
**FOR THE**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **MAURICE COLLINS,** | |
| Plaintiff, | **Case No.:** |
| v. | |
| **STUDENT ASSISTANCE CORPORATION,** | **COMPLAINT AND DEMAND FOR JURY TRIAL** |
| Defendant. | **(Unlawful Debt Collections Practices)** |

## COMPLAINT

MAURICE COLLINS ("Plaintiff"), by and through his counsel, Kimmel & Silverman, P.C., alleges the following against STUDENT ASSISTANCE CORPORATION ("Defendant"):

### INTRODUCTION

1. Plaintiff's Complaint is based on the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq*.

### JURISDICTION AND VENUE

2. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331. See Mims v. Arrow Fin. Services, LLC, 132 S. Ct. 740, 747, 181 L. Ed. 2d 881 (2012).

3. Defendant conducts business in the State of New Jersey and as such, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

5. Plaintiff is a natural person residing in Sicklerville, New Jersey 08081.

6. Plaintiff is a "person" as that term is defined by 47 U.S.C. § 153(39).

7. Defendant is a lender with an address of P.O. Box 9570, Wilkes Barre, Pennsylvania 18773.

8. Defendant is a "person" as that term is defined by 47 U.S.C. §153(39).

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

10. Plaintiff has a cellular telephone number that he has had for over a year.

11. Plaintiff has only used this number as a cellular telephone number.

12. The phone number has been assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls.

13. Beginning in or before late January 2015, and continuing through July 2015, Defendant called Plaintiff on his cellular telephone on a repetitive and continuous basis.

14. During the relevant period, Defendant called Plaintiff on his cellular telephone on an average of three (3) to four (4) times each day.

15. When contacting Plaintiff on his cellular telephone, Defendant used an automatic telephone dialing system and automatic and/or pre-recorded messages.

16. Defendant's automated messages identified its company's name as the caller, and then stated it was "calling about a business matter."

17. Defendant's telephone calls were not made for "emergency purposes."

18. On July 18, 2015, when Plaintiff was able get one of Defendant's representatives on the telephone, he revoked any consent previously given to Defendant to place telephone calls to his cellular telephone number.

19. Defendant acknowledged Plaintiff's request stating "Ok" to the revocation, yet Defendant continued to call Plaintiff on his cellular telephone number, on average, four (4) to five (5) times a week.

20. Plaintiff received at least ten (10) calls after he revoked consent for Defendant to call his cellular telephone number.

21. Upon information and belief, Defendant conducts business in a manner which violates the Telephone Consumer Protection Act.

## DEFENDANT VIOLATED THE
## TELEPHONE CONSUMER PROTECTION ACT

22. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

23. Defendant initiated multiple automated telephone calls to Plaintiff's cellular telephone using a prerecorded voice.

24. Defendant initiated these automated calls to Plaintiff using an automatic telephone dialing system.

25. Defendant's calls to Plaintiff were not made for emergency purposes.

26. Defendant's calls to Plaintiff, after July 18, 2015, were not made with Plaintiff's prior express consent.

27. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

28. The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

29. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

WHEREFORE, Plaintiff, MAURICE COLLINS, respectfully prays for judgment as follows:

   a. All actual damages suffered pursuant to 47 U.S.C. §227(b)(3)(A);

   b. Statutory damages of $500.00 per violative telephone call pursuant to 47 U.S.C. §227(b)(3)(B);

   c. Treble damages of $1,500 per violative telephone call pursuant to 47 U.S.C. §227(b)(3);

   d. Injunctive relief pursuant to 47 U.S.C. §227(b)(3); and

   e. Any other relief deemed appropriate by this Honorable Court.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, MAURICE COLLINS, demands a jury trial in this case.

## CERTIFICATION PURSUANT TO L.CIV.R.11.2

I hereby certify pursuant to Local Civil Rule 11.2 that this matter in controversy is not subject to any other action pending in any court, arbitration or administrative proceeding.

Respectfully submitted,

Dated: August 14, 2015

By: /s/ Amy Lynn Bennecoff Ginsburg
Amy Lynn Bennecoff Ginsburg, Esquire
Kimmel & Silverman, P.C.
1930 East Marlton Pike, Suite Q29
Cherry Hill, NJ 08003
Phone: (856) 429-8334
Facsimile: (877) 788-2864
Email: aginsburg@creditlaw.com